**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GEORGE BROWN III,

       Petitioner,

v.                                                         CIV NO. 03-1247 MCA/ACT

LAWRENCE TAFOYA, Warden
and PATRICIA MADRID, Attorney General
of the State of New Mexico,

       Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Respondents' Motion to Dismiss the Petition for a Writ of Habeas Corpus. (Doc. No. 11). The Motion was filed on February 13, 2004. The Petitioner has not responded. The United States Magistrate Judge, having reviewed the Petition for a Writ of Habeas Corpus and its accompanying Exhibits, the Motion to Dismiss, the Memorandum in Support of the Motion to Dismiss, the Answer, and the accompanying Exhibits finds that the Motion to Dismiss is well taken and recommends that it be GRANTED. The United States Magistrate Judge further recommends that the Petition For a Writ of Habeas Corpus be DENIED ON THE MERITS.

## PROPOSED FINDINGS

## PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Modified Judgment and Sentence after Remand issued by the Eleventh Judicial District Court, County of McKinley, State of New Mexico in case No. D-1113-CR-9800104.  (Answer, Exhibit P).  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner was convicted on October 16, 1998, when a jury found Petitioner guilty of Possession of Cocaine, Trafficking a Controlled Substance (Cocaine) by Possession with Intent to Distribute (2 counts) and Possession of Drug Paraphernalia as charged in Counts 2, 3, 4 and 5 of the Criminal Information.  (Answer, Exhibit P).

3. The Sentencing Judge, District Court Judge Paul Onuska, found that the New Mexico Court of Appeals, in case number 20,264, a direct appeal of the Petitioner's convictions, had reversed one count of Petitioner's conviction of Trafficking a Controlled Substance.  In accordance with the decision of the Court of Appeals, Judge Onuska pronounced Petitioner guilty of only one count of Trafficking a Controlled Substance (Cocaine) by Possession with Intent to Distribute, merging Counts 3 and 4.  (Answer, Exhibit P).

4. Judge Onuska adopted the findings of the trial judge District Court Judge Grant L. Foutz who, after considering evidence presented on January 15 and 19, 1999, found that the Petitioner was the same George Brown III who was convicted on February 20, 1990 and on July 13, 1993 of the felonies of Transport/Sell Narcotic/Controlled Substance (Cocaine) contrary to the California criminal code.  (Answer, Exhibit P).

5. Judge Onuska ordered that Petitioner's conviction of the one Count of Trafficking a

2

Controlled Substance (Cocaine) by Possession with Intent to Distribute was enhanced to a first degree felony status pursuant to N.M.S.A. §30-31-20(B)(2) because Petitioner had previously been convicted of the two trafficking offenses in California. (Answer, Exhibit P).

6. Judge Onuska also adopted the findings of Judge Foutz who, after considering evidence presented on January 15 and 19, 1999, found that the Petitioner was the same George Brown III who was convicted of the following felonies:

a. On September 13, 1982, Possession of Marijuana for Sale, Cause No. MCR-4443, Superior Court for Monterey County, California; (Answer, Exhibit P);

b. On August 19, 1983, Burglary, Cause No. CR 83-0238-SW-SJ, United States District Court for the Northern District of the State of California; (Answer, Exhibit P);

c. On October 4, 1984, Possession of Marijuana for Sale, Cause No. MCR-5296, Superior Court for Monterey County, California; (Answer, Exhibit P); and

d. On November 8, 1989, Possession of Narcotic/Controlled Substance (Cocaine), Cause No. MCR-7360, Superior Court for Monterey County, California; (Answer, Exhibit P).

7. Petitioner was found to be a Habitual Criminal Offender by virtue of these four prior felony convictions. (Answer, Exhibit P).

8. Petitioner was sentenced to serve a term of eighteen (18) months followed by one (1) years of parole on the conviction of Possession of a Controlled Substance (Cocaine), enhanced by eight (8) years under the Habitual Offender Act, NMSA §31-18-17(D). (Answer, Exhibit P).

9. Petitioner was sentenced to serve a term of eighteen (18) years followed by two (2) years of parole on the conviction of Trafficking a Controlled Substance (Cocaine) by Possession with Intent to Distribute as a Second or Subsequent Such Offense, enhanced by eight (8) years

3

under the Habitual Offender Act, NMSA §31-18-17(D).  (Answer, Exhibit P).

10.  Petitioner was sentenced to serve a period of three hundred sixty-four (364) days on the misdemeanor conviction of Possession of Drug Paraphernalia.  (Answer, Exhibit P).

11.  The Court found that it did not have the discretion to either suspend or defer the eighteen (18) year basic sentence for Defendant's first degree felony conviction of Trafficking a Controlled Substance (Cocaine) by Possession with Intent to Distribute as a Second or Subsequent Such Offense.  The Court also found it did not have the discretion to either suspend or defer the eight (8) year habitual offender enhancement. (Answer, Exhibit P).

12.  The sentences were ordered to be served concurrently resulting in a sentence of twenty-six (26) years followed by two (2) years on parole. (Answer, Exhibit P).

13.  Petitioner was originally sentenced on January 26, 1999, after his jury trial.  (Answer, Exhibit A).  Petitioner filed a timely appeal to the New Mexico Court of Appeals. He was represented by appointed counsel.  (Answer, Exhibits B and C).

14. The New Mexico Court of Appeals ruled that Petitioner's two convictions of Trafficking should be merged into one conviction but held that his other claims lacked merit.  The New Mexico Court of Appeals remanded the case for modification of Petitioner's judgment and sentence.  (Answer, Exhibit F).

15.  Petitioner filed a timely Writ of Certiorari in the Supreme Court of New Mexico through his appellate counsel. (Answer, Exhibit G). The Writ was denied. (Answer, Exhibit H).

16.  On April 2, 2001, Petitioner filed a *pro se* Petition for a Writ of Certiorari or in the Alternative a Common Law Petition for a Writ of Habeas Corpus to the Supreme Court of the State of New Mexico. (Answer, Exhibit J).

17. The Supreme Court was under the mistaken impression that the trial court had re-sentenced Defendant on March 2, 2001 in accordance with the mandate issued by the Court of Appeals. (See Answer, Exhibit Z).  The Supreme Court, construing the Petition as a direct appeal, denied the writ and transferred the case to the New Mexico Court of Appeals. (Answer, Exhibits K and L).

18. On October 24, 2001, the Court of Appeals dismissed the appeal and remanded the matter to the district court for entry of a modified judgment and sentence. (Answer, Exhibit N).

19. On January 4, 2002 New Mexico District Court Judge Onuska re-sentenced Petitioner. (Answer, Exhibit P).  Petitioner received the same sentence as he had on January 19, 1999 except that his two convictions of Trafficking were merged into one conviction.  Again, he was ordered to serve his sentences concurrently resulting in a sentence of twenty-six (26) years followed by two (2) years of parole. (Answer, Exhibits A and P).

20. The Modified Judgment and Sentence after Remand was filed of record on April 16, 2002 and Petitioner filed a timely notice of appeal. (Answer, Exhibits P and Q). Petitioner was represented by his original trial counsel in this appeal, referred to as his third appeal.

21. Petitioner raised six issues in his third appeal:

    a) whether the evidence that he trafficked and possessed crack cocaine or cocaine base was insufficient to support his convictions for possession and trafficking in cocaine;

    b) whether the delay in his re-sentencing violated his Sixth Amendment right to speedy trial and should result in a dismissal of the charges against him;

    c) whether under the holding of *State v. Nunez*, 2000-NMSC-013, 2 P.3d 264, the civil forfeiture action against Petitioner resulted in double jeopardy and required the dismissal of

5

his criminal convictions;

        d) whether enhancing his sentence both under the New Mexico Habitual Offender Statute and the New Mexico Controlled Substances Act was unlawful;

        e) whether the judge had the discretion to suspend all or part of the Habitual Offender enhancement because his conviction had already been enhanced under the New Mexico Controlled Substances Act from a second degree to a first degree felony; and

        f) whether the 2002 amendment to the New Mexico Habitual Offender Statute should apply retroactively to his convictions. (Answer, Exhibits U and W).

    22. The issues were fully briefed by both sides. (Answer, Exhibits U, V, W and X). On June 3, 2003, the New Mexico Court of Appeals issued a written opinion affirming the Petitioner's judgment and sentence. (Answer, Exhibit Z).

    23. The Court of Appeals declined to rule on three of the issues - the cocaine vs. crack cocaine and cocaine base argument, the enhancement of his sentence under both the New Mexico Habitual Offender Statute and the New Mexico Controlled Substances Act, and the discretion to suspend part or all of Petitioner's sentence under the Habitual Offender Statute - because Petitioner could have raised these issues in his first appeal and did not. (Answer, Exhibit Z).

    24. The Court of Appeals declined to rule on two additional issues because the record on appeal was incomplete. The Court held that it was unable to review the double jeopardy claim because Petitioner had failed to include the forfeiture case as part of the record on appeal. (Answer, Exhibit Z).

    25. The Court of Appeals also declined to rule on the argument that the amendment to the New Mexico Habitual Offender Statute, §31-18-17(D)(2), which became effective July 1,

2002, prohibited using some of Petitioner's previous convictions to enhance his sentence. The statutory amendment defined prior felony conviction as "any prior felony, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later." Previously, the definition of prior felony conviction did not contain a time limit. The Court noted that Petitioner failed to demonstrate why the 2002 amendment to the statute should apply retroactively to his convictions. But the Court also held that even if the Petitioner had so demonstrated, the Court would have been unable to adjudicate the claim because the record of the dates of the completion of Petitioner's sentences or periods of parole or probation were not included in the record on appeal. Therefore, the Court held, the record was insufficient to determine the merits of the Petitioner's argument. (Answer, Exhibit Z).

26. The Court of Appeals did adjudicate one of Petitioner's claims on the merits, his claim that his Sixth Amendment rights had been violated. Reviewing the facts and case law, the Court balanced the four factors enumerated in *Barker v. Wingo*, 407 U.S. 514 (1972): 1) the length of the delay, 2) the reasons for the delay, 3) the assertion of the right, and 4) any prejudice to the Petitioner. The Court concluded that the Petitioner did not suffer demonstrable or substantial prejudice from the twelve month delay in sentencing. Therefore, the Court held, the Petitioner's Sixth Amendment rights had not been violated by the delay in his re-sentencing. (Answer, Exhibit Z).

27. Petitioner, again represented by his trial attorney, timely filed his writ of certiorari to the Supreme Court of New Mexico. The Supreme Court denied the writ. (Answer, Exhibits AA, BB and CC).

28. Petitioner timely filed his *pro se* Application for a Writ of Habeas Corpus in federal court. (Doc. No. 1). The Application presents the same six claims he presented in his third appeal to the New Mexico Court of Appeals. (Doc. No. 1 and Answer, Exhibits U and W).

29. Respondents answered and moved to dismiss on February 13, 2004. (Docs. No. 11 and 13).

## DISCUSSION

### CLAIMS INVOLVING STATE LAW

30. The federal statute governing applications for a writ of habeas corpus, 28 U.S.C. §2254, states:

> (a) The Supreme Court, a Justice thereof, a circuit judge or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

31. This court's inquiry is restricted to a review of Petitioner's claims that he is in custody pursuant to a judgment of a New Mexico state court that violates the Constitution of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has brought only one such claim, his claim that the delay in his re-sentencing violated his Sixth Amendment rights.

32. Petitioner's other five claims address alleged violations of New Mexico laws. A claim that New Mexico courts misinterpreted New Mexico law is not grounds for habeas relief. *Morris v. Burnett*, 319 F. 3d 1254, 1268 (10th Cir. 2003); *Scrivener v. Tansy*, 68 F. 3d 1234, 1238 (10th Cir. 1995), *cert. denied*, 516 U.S. 1178 (1996).

33. Petitioner's five claims that address alleged unlawful violations of New Mexico law are:

8

a) whether the evidence that he trafficked and possessed crack cocaine or cocaine base was insufficient to support his convictions for possession and trafficking in cocaine;

b) whether under the holding of *State v. Nunez*, 2000-NMSC-013, 2 P.3d 264, the civil forfeiture action against Petitioner resulted in double jeopardy and required the dismissal of his convictions;

c) whether enhancing his sentence both under the New Mexico Habitual Offender Statute and the New Mexico Controlled Substances Act was unlawful;

d) whether the judge had the discretion to suspend all or part of the Habitual Offender enhancement because his conviction had already been enhanced under the New Mexico Controlled Substances Act from a second degree to a first degree felony; and

e) whether the 2002 amendment to the New Mexico Habitual Offender Statute should apply retroactively to his convictions.

34. The issue of whether the evidence presented in Petitioner's trial was sufficient to support his state convictions for possession and trafficking cocaine involves the interpretation of portions of the New Mexico Controlled Substances Act, NMSA §§30-31-20, 30-31-23 and 30-13-7(A)(1)(d).  (The Tenth Circuit case to which Petitioner cites in support of this argument involved a Oklahoma statute.  See, *Dennis v. Poppel*, 222 F. 3d 1245 (10th Cir. 2000).)  This issue does not present a federal constitutional claim and does not state a claim for habeas relief.

35. The issue of whether the holding of *State v. Nunez*, 2000-NMSC-013, 2 P.3d 264, required the dismissal of his convictions because the Petitioner's civil forfeiture case resulted in a judgment that was entered after his initial convictions and sentence but prior to his re-sentencing also presents an issue of an interpretation of the civil forfeiture provisions of the New Mexico

9

Controlled Substances Act, NMSA, §§30-31-1 et seq., the New Mexico Constitution, N.M. Const. Art. II §15, and the New Mexico double jeopardy statute, NMSA §31-1-10.  This issue involves an interpretation of New Mexico laws, an interpretation of the New Mexico Constitution and the application of a New Mexico case, *State v. Nunez, supra*.  The issue, as presented by the Petitioner, does not involve federal constitutional double jeopardy principles and does not state a claim for habeas relief.

36. The issue of whether Petitioner's sentence could be enhanced under both the New Mexico Habitual Offender Statute and the New Mexico Controlled Substances Act also involves the interpretation of two New Mexico statutes, NMSA §30-31-20(B)(2) and NMSA §31-18-17. This issue does not state a claim for habeas relief.

37. The issue of whether the judge had the discretion to suspend all or part of the Habitual Offender enhancement because Petitioner's conviction had already been enhanced under the New Mexico Controlled Substances Act from a second degree to a first degree felony also involves the interpretation of a state statute, NMSA §31-18-17, and does not state a claim for habeas relief.

38. The issue of whether the 2002 amendment to the New Mexico Habitual Offender Statute should apply retroactively to Petitioner's convictions also involves the application and interpretation of an amended New Mexico statute, §31-18-17(D)(2) to Petitioner's particular circumstances and does not state a claim for habeas relief.

SIXTH AMENDMENT CLAIM

39. The federal statute governing applications for a writ of habeas corpus, 28 U.S.C. §2254, states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

40. One federal claim presented in Petitioner's Application was adjudicated on the merits by the state courts below, the claim that the delay in Petitioner's re-sentencing violated his Sixth Amendment right to a speedy sentencing. The Court of Appeals of New Mexico found that the delay did not violate Petitioner's Sixth Amendment right.

41. The issue before this Court is whether the adjudication on the merits below resulted in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law or resulted in decisions that were based on an unreasonable determination of the facts.

42. The New Mexico Court of Appeals assumed without deciding, as has the Supreme Court of the United States, that the Sixth Amendment of the United States Constitution applies to the Petitioner's sentencing as well as his trial. *See, Pollard v. United States*, 352 U.S. 354, 361 (1957).

43. Clearly established federal law is that an accused's Sixth Amendment right to a

11

speedy trial and sentencing can be violated by an undue delay but that the determination must be made in each case on an ad hoc basis. The court must assess the unique factors of each case in determining whether a particular defendant has been deprived of his right. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

44. The decision of the New Mexico Court of Appeals recognized this clearly established federal law and applied the four factors enumerated in *Barker v. Wingo, supra*, to the Petitioner's situation. (Answer, Exhibit Z). The Court wrote,

> We look to Barker v. Wingo, 407 U.S. 514, 530-533 (1972), for guidance in determining whether a defendant's "constitutional right to speedy sentencing" was violated. Todisco, 2000-NMCA-064, ¶ 19. Under the Barker test, we balance, in light of the facts and circumstances of the particular case, (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of the right, and (4) prejudice to the defendant. Id., ¶19. (Answer, Exhibit Z, pages 4-5).

45. The Court below carefully analyzed the length of the delay and found that the delay not attributable to the Petitioner's filing of his habeas petition was approximately twelve months and was "sufficiently long to establish the presumptive prejudice necessary for an inquiry into the other factors". (Answer, Exhibit Z, page 6). The delay was a factor which weighed in favor of the Petitioner.

46. But looking to the prejudice to the defendant, the Court found there was no actual prejudice to the Petitioner. The Court looked to the anxiety and concern of the Petitioner as he awaited re-sentencing, but adopting the finding of the trial court ruled that there was no showing of undue anxiety and concern rising to the level of a constitutional violation. (Answer, Exhibit Z, pages 7-8).

47. The Court found no evidence that any defenses Petitioner might have had were impaired by the delay. The Court found that even if Petitioner's convictions were reversed at

some time in the future, an event the Court found to be conjecture in light of the posture and history of this case, the Petitioner would not have suffered oppressive incarceration as a result of the delay in his re-sentencing. Lastly, the Court found that Petitioner's sentence initially imposed would not have been reduced even if his re-sentencing had occurred earlier. The merger of the two trafficking convictions did not affect the total number of years Petitioner was to serve for his convictions. The Court concluded that the record did not provide proof that the Petitioner was demonstrably or substantially prejudiced from the delay in his re-sentencing. (Answer, Exhibit Z, pages 7-9).

48.  Therefore, the Court concluded, with no proof of prejudice to the Petitioner the Court did not need to analyze the remaining factors. The Court ruled that the delay in Petitioner's sentencing did not violate his right to a speedy sentencing under the Sixth Amendment. (Answer, Exhibit Z, page 9).

49.  The state court decision is not contrary to clearly established federal law. Nor did the state court base its decision below on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## CONCLUSION

Five of the six claims presented by Petitioner involve alleged violations of state law and do not present a claim for a writ of habeas corpus. The Sixth Amendment claim presented by the Petitioner that his right to a speedy sentencing had been violated was determined by the state courts below to have no merit. Having reviewed those decisions, this Court finds that the state court decisions below are not contrary to clearly established federal law nor do they involve an

unreasonable determination of the facts in light of the evidence presented. The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED ON THE MERITS and that the Respondent's Motion to Dismiss the Petitioner's Application be GRANTED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE